IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION, | : : : : | |
| Petitioner, | : | CASE NO. |
| v. | : : | 5:11-CV-250(CAR) |
| MARK D. WHEAT, individually, and MARK WHEAT INVESTMENTS, INC. | : : : | |
| Respondents. | : | |

_____

ORDER ON RESPONDENTS' MOTION
TO VACATE ARBITRATION AWARD

Currently before the Court is Petitioner's Application to Confirm Arbitration Award [Doc. 1], Respondents' Counterclaim/Motion to Vacate Arbitration Award [Doc. 7], and the various responses and replies thereto.  Upon consideration, Petitioner's Application to Confirm Arbitration Award [Doc. 1] is **GRANTED**.  Respondents' Motion to Vacate Arbitration Award [Doc. 7] is **DENIED.**

Background

Petitioner GE Commercial Distribution Finance Corporation initiated this action seeking confirmation of the arbitration award issued in American Arbitration Association Case No. 30 148 00513 ("Award").  In their Answer, Respondents Mark D. Wheat and Mark Wheat Investments, Inc. (collectively "Respondents") asserted a

1

Counterclaim/Motion to Vacate seeking to vacate the Award on several statutory and common law grounds.

This case arises out of the breach of a Financing and Inventory Agreement ("Agreement") entered into in April 1997 by Mark Wheat Investments, Inc., and personally guaranteed by Mark D. Wheat.[1] Petitioner asserts that Respondents breached the Agreement by failing to pay amounts owed for a deficiency after certain inventory was repossessed. Respondents assert that they sold the business in question in 2003, and thus do not owe the debts owed under the Agreement. Respondents further allege that the purchaser of Respondents' business made false representations, presented false financial statements, forged Respondent Mark Wheat's name on financial documents, and that Petitioner should have been on notice of this fraud.

On July 16, 2010, Petitioner initiated the arbitration proceeding based on Respondents' alleged breach. After a hearing on the merits, the Arbitrator, Marjorie Girth ("Arbitrator"), issued the Award in favor of Petitioner on April 27, 2011. The Arbitrator found that Respondents had not effectively terminated the Agreement, that Respondent Mark D. Wheat had not effectively revoked his personal guaranty, and that Respondents' counterclaims of fraud, conspiracy, and identity theft were without merit.

---

[1] Petitioner is the successor in interest to Deutsche Financial Services Corporation, who initially entered into the Agreement with Respondents.

The Arbitrator awarded Petitioner damages in the amount of $112,194.52, and attorney's fees in the amount of $74,141.72.

Petitioner now seeks to have the Award confirmed pursuant to 9 U.S.C. § 9. Respondents assert that the arbitration award should be vacated based on upon several statutory and common law grounds.

### Standard of Review

The provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA"), control this Court's review of an arbitration award. Judicial review of arbitration awards is "narrowly limited," and the FAA presumes that awards will be confirmed. See Davis v. Prudential Sec. Inc., 59 F.3d 1186, 1188 (11th Cir. 1995). The FAA "does not allow courts to roam unbridled in their oversight of arbitration awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in specific ways." Robbins v. Day, 954 F.2d 679, 683 (11th Cir. 1992), overruled on other grounds, First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-49 (1995). Thus, "[f]ederal courts should defer to an arbitrator's decision whenever possible." Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010).

There are four statutory grounds for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

3

>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Even review pursuant to these statutory grounds is limited, as arbitrators "do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 843 (11th Cir. 2011) (citation omitted).

## Discussion

Respondents argue that the Award should be vacated because (1) the Award was procured by corruption, fraud, or undue means; (2) the Arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; (3) the Arbitrator exceeded her powers; (4) the Arbitrator so imperfectly executed her powers that a mutual, final, and definitive award upon the subject matter submitted was not made; (5) the Award is contrary to public policy; (6) the Award is arbitrary and capricious; (7) the Award fails to draw its essence from the underlying contract; and (8) the Award displays a manifest disregard of the law.

Respondents first argue that the Award was procured by fraud, corruption or undue means.  In making this argument, however, Respondents fail to identify how the Award itself was procured by fraud or corruption.  Instead, Respondents make factual arguments regarding alleged fraud committed by Petitioner in the performance of the Agreement.  These arguments and facts were raised, addressed, and discussed at the arbitration hearing.  In fact, the Arbitrator noted in the Award that "[l]iability pursuant to the Respondents' counterclaims for fraud, conspiracy, and identity theft is hereby DENIED."  (Award, p. 2).  Petitioner correctly points out that "a court cannot vacate an arbitration award for fraud based on information available before or during the arbitration that the parties, through lack of diligence, failed to discover."  AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007).  Respondents do not allege that they had no access to the facts regarding Petitioner's alleged fraudulent actions, or that Petitioner acted to prohibit them from obtaining such information.  Thus, since this information was available to Respondents at the time of the arbitration, Respondents' request to vacate the award based on fraud, corruption, or undue means is denied.

Respondents also challenge the Arbitrator's decision to exclude a letter that would have established that Respondents sold the business and were not involved at the time the debt was accumulated under the Agreement.  When a party challenges an

arbitrator's evidentiary decision, "a federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings." Rosensweig v. Morgan Stanley & Co., Inc., 494 F.3d 1328, 1333 (11th Cir. 2007) (citation omitted).

The Court concludes that the Arbitrator committed no misconduct in excluding this particular piece of evidence. Respondents failed to disclose the letter prior to the arbitration, and in fact only produced it midway through the hearing. The Arbitrator excluded the letter based on relevancy and the fact that it had not been previously disclosed as required by the Arbitrator's scheduling order and the Agreement. Respondents had notice that a comprehensive list of exhibits was required prior to the hearing date, and their rights were not prejudiced by the Arbitrator's adherence to that requirement. Arbitrators have wide latitude when conducting hearings, and the Court will not allow Respondents a "second bite at the apple" based on their failure to abide by the Arbitrator's procedural requirements. Cat Charter, LLC, 646 F.3d at 842. Respondents' challenge to the Arbitrator's evidentiary decision is denied.

Respondents also allege that the Arbitrator exceeded her powers and that she failed to provide a mutual, final, and definite Award, but Respondents do not make any substantive allegations regarding these statutory grounds. Respondents argue that the monetary amount of the Award was excessive; presumably this is how they contend the

6

Arbitrator exceeded her powers. Arbitrators derive their power from the agreement itself, so courts must look to the agreement to determine an arbitrator's scope of power. White Springs Agric. Chem., Inc. v. Glawson Inv. Corp., --- F.3d ----, 2011 WL 4907386, at *3 (11th Cir. 2011). When determining whether vacatur is proper pursuant to 9 U.S.C. § 10(a)(4), the award should only be vacated where the arbitrator "strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." White Springs, 2011 WL 4907386, at *3. Here, the Agreement between the parties clearly gives the Arbitrator power to award attorney's fees. In fact, the only limit on the Arbitrator's power is that she may not award punitive damages. (Agreement, ¶ 26.4). Thus, the Arbitrator clearly had the power to award attorney's fees. To the extent that Respondents contend that the Award does not represent a true interpretation of Georgia contract law, the FAA does not allow for review of allegations of legal error. White Springs, 2011 WL 4907386, at * 3.

Turning to the common law grounds alleged by Respondents, the Court finds that these too must fail. Although recognized in the past, the Eleventh Circuit recently held that judicially-created grounds for vacatur are no longer valid in light of recent Supreme Court precedent. Frazier, 604 F.3d at 1324 (citing Hall St. Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 587 (2008)). Thus, the four grounds for vacatur set forth in the FAA are exclusive. Id. Respondents' arguments that the Award is contrary to public

policy, that it is arbitrary and capricious, that it is not based on the contract, and that it displays a manifest disregard of the law must fail as a matter of law.

## Conclusion

For the foregoing reasons, Respondents' Counterclaim/Motion to Vacate Arbitration Award [Doc. 7] is **DENIED.** Pursuant to 9 U.S.C. § 9, Petitioner's Application to Confirm Arbitration Award [Doc. 1] is hereby **GRANTED.**

SO ORDERED, this 28th day of November, 2011.

S/  C. Ashley Royal  
C. ASHLEY ROYAL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

AES/ssh